UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JUSTIN M. BURGAN, individually and on behalf of all others similarly situated,** § § § | **DOCKET NO. _____** |
| **Plaintiff,** § § | **JURY TRIAL DEMANDED** |
| **vs.** § § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **SIERRA PETROLEUM SERVICES, LLC D/B/A SPS SIERRA PETROLEUM SERVICES, LLC AND SIERRA HAMILTON, LLC** § § § § | |
| **Defendants.** | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff Justin M. Burgan ("Plaintiff" or "Burgan") worked for Defendants Sierra Petroleum Services, LLC D/B/A SPS Sierra Petroleum Services, LLC and Sierra Hamilton, LLC (collectively "Sierra" or "Defendants") as a W-2 mud engineer. As a mud engineer, Plaintiff was paid a day rate but no overtime compensation when he worked more than 40 hours a week as required by the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 201 *et. seq.*

### JURISDICTION & VENUE

2. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391 since a substantial part of the events giving rise to this claim occurred in this District and Division.

### PARTIES

4. Plaintiff was employed by Defendants and regularly worked in excess of 40 hours a week without receiving overtime pay. His written consent is attached as Exhibit A.

5. Plaintiff brings this action on behalf of himself and all other similarly situated salary/day rate employees under the collective action provisions of the FLSA (the "FLSA Class"). *See* 29 U.S.C. §216(b). The FLSA Class was subjected to the same FLSA violations as Smith and is properly defined as:

> **ALL PERSONNEL EMPLOYED BY SIERRA PETROLEUM SERVICES, LLC D/B/A SPS SIERRA PETROLEUM SERVICES, LLC AND SIERRA HAMILTON, LLC DURING THE PAST 3 YEARS WHO RECEIVED A DAY RATE AND NO OVERTIME COMPENSATION**

The members of the FLSA Class are easily ascertainable from Defendant's business and personnel records.

6. Defendant **Sierra Petroleum Services, LLC DBA SPS Sierra Petroleum Services, LLC** may be served through its registered agent: **Alan L. Catetter, 5100 Lassant Cove, Austin, Texas 78749.**

7. Defendant **Sierra Hamilton** may be served through its registered agent: **Alan L. Catetter, 5100 Lassant Cove, Austin, Texas 78749.**

## FACTUAL ALLEGATIONS

8. Defendants are an oilfield services company with locations and personnel throughout the United States.

9. Plaintiff and the FLSA Class worked for Defendants performing mud and fluid services over the past three years.

10. These services require the performance of technical and manual labor type job duties, for long hours, using heavy equipment while exposed to the elements.

11. The job duties performed by Plaintiff and the FLSA Class were routine and largely governed by standardized plans, procedures and checklists created by Defendants or their clients. Virtually every job function performed by Plaintiff and the FLSA Class was predetermined, including

the tools to use and the data to compile. Plaintiff and the FLSA Class were not treated as exempt employees.

12. Plaintiff and the FLSA Class received a day rate and were treated as W-2 employees. Even though Plaintiff and the FLSA Class regularly worked more than twelve hours a day and eighty-four hours a week for weeks on end, Defendants did not pay Plaintiff and the FLSA Class any overtime compensation.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings this claim under the FLSA as a collective action.

14. The members of the FLSA Class are similarly situated in all relevant respects. While their precise job duties might vary somewhat, these differences don't matter for the purposes of determining their entitlement to overtime. They are all entitled to overtime after 40 hours in a week and the overtime they are entitled to must be calculated in a manner consistent with the requirements of the FLSA. Plaintiff and the FLSA Class Members are similarly situated within the meaning of 29 U.S.C. § 216(b).

15. Defendants employed a substantial number of employees like Plaintiff in the United States during the past 3 years. These workers are geographically disbursed, residing and working in states across the county. Because these workers do not have fixed work locations, these individuals may work in different states across the country during a given year.

16. Absent a collective action, many members of the FLSA Class likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the FLSA.

17. Furthermore, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

## CAUSE OF ACTION
## Violation of the FLSA

18. Plaintiff incorporates the preceding paragraphs by reference.

19. At all relevant times, Defendants have been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

20. Defendants employed Plaintiff and each member of the FLSA Class.

21. Defendants' pay policy denied Plaintiff and the FLSA Class Members overtime compensation at the legal overtime rates required by the FLSA.

22. Defendants' failure to pay Plaintiff and the Putative Class Members overtime at rates not less than one and one-half times their proper regular rate violates 29 U.S.C. § 207.

23. The foregoing conduct constitutes a willful violation of the FLSA. Due to Defendants' FLSA violations, Plaintiff and the FLSA Class Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs, and expenses of this action.

## JURY DEMAND

24. Plaintiff demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiff prays for:

a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the proposed FLSA Class Members to permit them to join this action by filing a written notice of consent;

b. A judgment against Defendants awarding Plaintiff and the FLSA Class Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

c. An order awarding attorney fees, costs, and expenses;

d. Pre- and post-judgment interest at the highest applicable rates; and

e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    Michael A. Josephson
    State Bar No. 24014780
    Federal ID No. 27157
    Andrew W. Dunlap
    State Bar No. 24078444
    Federal ID No. 1093163
    **JOSEPHSON DUNLAP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com

        **AND**

    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**